Dear Mr. Taylor:
This office is in receipt of your request for reconsideration of Atty. Gen. Op. No. 96-218 which concluded there was a violation of the dual officeholding statute by holding office as an elected constable and Fire Chief of Bienville Parish Wards 1 and 2 Fire District, having found the latter to be an appointed position. A controversy has arisen relative to the finding that the Fire Chief's position is an appointed position rather than employment inasmuch as there would be no violation of the dual officeholding statute if the position is one of employment.
We have previously recognized that there are earlier opinions of this office which reached conflicting conclusions as to whether the position of fire chief was an appointed or employment positions, Atty, Gen. Op. No 92-61 and Atty. Gen. Op. No 90-283. The latter opinion, having been issued to you, stated there was no violation of dual officeholding on the basis the position of Fire Chief was one of employment.
You state at the time of the issuance of Atty. Gen. Op. No. 96-218 which found you an appointee this office had no explanation of your duties as Fire Chief which entails working five days a week, eight hours a day for maintenance of the fire station, fire trucks and you have no power to hire, fire or make policy decisions or purchases, and the Fire District considers you its only employee.
You additionally point out you have received two warrants that "both state that I, William C. Taylor, as of June 28, 1996 resigned from said positions". However, you maintain you have not resigned and the warrants are falsified.
Finally you maintain that in accordance with R.S. 42:65 a declaratory judgment must be filed in order for your supplemental pay to be cut, and this has not been followed.
Questions of fact are not matters that can be resolved by this office such as the validity of the warrant of resignations. However, as to the legal question of dual officeholding this office will stand by its determination that your position as Fire Chief is not one of employment despite the fact that you work eight hours a day, five days a week, and have no authority in policy making or to hire or fire. This is not determinative of the question of employment under the dual officeholding statute.
R.S. 42:62 (3) defines "Employment" as follows:
 "Employment" means any job compensated on a salary or per diem basis other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
Therefore, an individual is not an employee if an appointee, and "appointive office" is defined in pertinent part in R.S. 42:62
(2) as follows:
 "Appointive office" means any office * * * which is specifically established or specifically authorized by * * * laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment * * * by * * * appointed public official or by a governmental body composed of such officials * * * of a political subdivision thereof.
Included in the information you have sent to this office is the statement, "The position of fire chief in District 2 is appointed by the Board of Supervisors of the Fire District, which Board is appointed by the Concordia Parish Police Jury. See Ordinance No. 553 of the Police Jury dated October 9, 1989."
In answer to your first question as to why dual officeholding is a problem now when it was not in 1990 inasmuch as you are "hired and not appointed", we must conclude Atty. Gen. Op. No. 90-283 was in error in failing to distinguish between employment and appointment as defined in R.S. 42:62 which is controlling. That opinion made no reference to the definitions in R.S. 42:62 (2), and that opinion has been recalled. As shown above you are appointed.
The fact that we have concluded you are an appointee distinguishes the situation from that presented in Atty. Gen. Op. No. 96-217 inasmuch as it was determined that the police officers were employees and, therefore, no violation of dual officeholding was involved.
You state on June 28, 1996 a special meeting was held by the supplemental pay board where it was voted to cut your pay and you question why you were not notified of any problem or given due notice, why do they demand money and resignation, and what recourse do you have.
Why you were not given notice of the June 28, 1996 meeting is a factual situation that we are not privy to but would assume since you state the meeting was June 28, and Atty. Gen. Op. No. 96-218 was issued on June 14, this is what prompted the action. Therefore, you should make inquiry with the Board as to why you were not notified prior to the meeting, but also cite to them R.S. 42:65.
We find until issuance of the recent opinion you had a right to rely upon the Attorney General Opinion issued to you in 1990. In R.S. 42:65 (C) it is specified if the person against whom a declaratory judgment is rendered has obtained an opinion of the attorney general issued prior to the filing of the suit stating the combinations of offices are not incompatible, and not in violation of the Part, the person shall not be required to return any portion of the compensation received prior to the date the judgment becomes final.
Therefore, in regard to cutting your pay, the demand for your resignation as constable and to pay $1560.00, we would agree with your observation that R.S. 42:65 sets forth the proper remedy for the problem which requires a petition by "the attorney general, a district attorney, or any citizen of the state" for a declaratory judgment, and if the court declares that the person is in violation of the statute, the court shall declare the office with the term first to expire vacant, except a person holding an elective office shall continue to serve and perform the duties of that office until his successor has qualified.
Therefore, the demand for resignation and restitution is premature until ordered by a court. Of course, a voluntary resignation may decrease any amount of restitution that could result by the recall of the earlier opinion issued to you and a possible subsequent adverse court ruling. However, the resignation would be discretionary on your part prior to a court decision but, with the issuance of the Atty. Gen. Op. 96-218 finding violation of the dual officeholding law you would be subject to restitution from that date if confirmed by a court judgment.
We hope this sufficiently clarifies the matter.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR